IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JOHN CHARLES SCOTCHEL, JR.,

       Appellant,

v.                           //    Civil Action No. 1:13CV161
                                 Bk. No. 1:12BK9
                                 (Judge Keeley)

MARTIN P. SHEEHAN, Trustee
of the Bankruptcy Estate of John
C. Scotchel, Jr., and Helen H.
Scotchel,

       Appellee.

MEMORANDUM OPINION AND ORDER AFFIRMING THE ORDER OF THE
BANKRUPTCY COURT, DENYING AS MOOT APPELLANT'S MOTION FOR STAY
PENDING APPEAL [DKT. NO. 12], AND DENYING AS MOOT APPELLEE'S
MOTION TO DENY REQUEST FOR STAY AND VACATE ORDER [DKT. NO. 16]

The appellant, John Charles Scotchel, Jr. ("Scotchel"),
appeals from an order of the United States Bankruptcy Court for the
Northern District of West Virginia (dkt. no. 1-28), concluding that
his contingency fee of $690,000 is property of the bankruptcy
estate and subject to the administration of the Chapter 7 trustee,
the appellee, Martin P. Sheehan ("Sheehan").  Scotchel also has
filed a motion for stay pending appeal (dkt. no. 12), and Sheehan
has filed a motion to deny Scotchel's request for a stay and to
vacate the stay imposed by the bankruptcy court (dkt. no. 16).  For
the reasons that follow, the Court **AFFIRMS** the order of the
bankruptcy court, **DENIES AS MOOT** Scotchel's motion for a stay, and

SCOTCHEL V. SHEEHAN                                          1:13CV161

**MEMORANDUM OPINION AND ORDER AFFIRMING THE ORDER OF THE
BANKRUPTCY COURT, DENYING AS MOOT APPELLANT'S MOTION FOR
STAY PENDING APPEAL, AND DENYING AS MOOT APPELLEE'S
MOTION TO DENY REQUEST FOR STAY AND VACATE ORDER**

**DENIES AS MOOT** Sheehan's motion to deny the request for a stay and
to vacate the bankruptcy court's stay.

**I.**

On May 9, 1989, Cindy Jo Falls ("Falls") was involved in an
automobile accident and retained Scotchel to represent her in a
personal injury action.   Although that case was eventually
dismissed in September 1999, during the litigation it became
apparent that Falls had a first party bad faith settlement claim
against her insurer, Allstate Insurance Company (the "Falls Case").
Therefore, on September 1, 2000, Scotchel entered into a fee
sharing agreement with the law firm of Bordas & Bordas, PLLC
("B&B"), in Wheeling, West Virginia, to prosecute the claim for
Falls, pursuant to which B&B was to receive 60% of any fee
recovered from the Falls Case and Scotchel would receive the
remaining 40%. See Bordas Aff. ¶¶ 6-7, Dkt. No. 1-23. In October,
2001, Falls signed a retainer agreement with B&B, pursuant to which
B&B would receive a fee of 40% of any settlement amount.   See
Retainer Agmt., Dkt. No. 1-22.   Trial in the Falls Case was
originally scheduled for January 9, 2012, but was later continued
until March 12, 2012. See Bordas Aff. at ¶ 10.

2

SCOTCHEL V. SHEEHAN                                         1:13CV161

### MEMORANDUM OPINION AND ORDER AFFIRMING THE ORDER OF THE BANKRUPTCY COURT, DENYING AS MOOT APPELLANT'S MOTION FOR STAY PENDING APPEAL, AND DENYING AS MOOT APPELLEE'S MOTION TO DENY REQUEST FOR STAY AND VACATE ORDER

On January 5, 2012, four days before the original trial date, Scotchel filed a petition for bankruptcy in this District pursuant to Chapter 7 of the United States Bankruptcy Code. See Pet., Dkt. No. 1-5. As part of the petition, he also filed a schedule of assets. On Schedule B - Personal Property next to the box entitled "[o]ther contingent and unliquidated claims of every nature," he listed "Contingent Fee Agreements related to the legal practice of John Charles Scotchel, Jr.," with an assigned value of one dollar. See Schedule B, Dkt. No. 1-7. Scotchel also listed the same item on Schedule C - Property Claimed as Exempt and assigned one dollar as the "value of claimed exemption." See Schedule C, Dkt. No. 1-7.

Coincidentally, on the same day Scotchel filed his bankruptcy petition, Allstate made its first offer to settle the Falls Case. See Bordas Aff. ¶ 12 (noting that no previous settlement offers had been made "prior to January 5"). Further negotiations followed until, on March 7, 2012, five days before trial was to begin, the parties finally settled their dispute. See Debtor's Br. at 2, Dkt. No. 1-15. On March 31, 2012, Allstate's draft cleared the bank and B&B proceeded to disburse the settlement proceeds. See Bordas Aff. at ¶ 11.

3

SCOTCHEL V. SHEEHAN                                          1:13CV161

### MEMORANDUM OPINION AND ORDER AFFIRMING THE ORDER OF THE BANKRUPTCY COURT, DENYING AS MOOT APPELLANT'S MOTION FOR STAY PENDING APPEAL, AND DENYING AS MOOT APPELLEE'S MOTION TO DENY REQUEST FOR STAY AND VACATE ORDER

Pursuant to its retainer agreement with Falls, and its fee sharing agreement with Scotchel, B&B received 40% of the total settlement, of which $690,000 belonged to Scotchel. See id. at ¶ 13. Due to Scotchel's ongoing bankruptcy proceedings, however, B&B disbursed the money to Sheehan, rather than to Scotchel. See Hrg. Tr. at 31:2-4.

Prior to that disbursement, on February 27, 2012, Sheehan had objected that Scotchel's exemption of the contingency fee in the Falls Case should be limited to one dollar because that was the value he had assigned to the claim. See Trustee's Obj. ¶ 2, Dkt. No. 1-12. Scotchel responded that, when he listed the contingency fee on Schedule C, he intended to exempt its full fair market value, regardless of how he had valued it on the schedule. See Debtor's Resp. ¶ 2, Dkt. No. 1-13. Sheehan then filed another objection, seeking denial of Scotchel's "amended exemptions" (i.e., the full fair market value of the contingency fee). See Trustee's Obj. ¶¶ 7-9, Dkt. No. 1-14.

On October 16, 2012, the bankruptcy court entered an order sustaining Sheehan's original objection to the exemption and holding that Scotchel could not exempt the fair market value of the

4

SCOTCHEL V. SHEEHAN                                    1:13CV161

**MEMORANDUM OPINION AND ORDER AFFIRMING THE ORDER OF THE
BANKRUPTCY COURT, DENYING AS MOOT APPELLANT'S MOTION FOR
STAY PENDING APPEAL, AND DENYING AS MOOT APPELLEE'S
MOTION TO DENY REQUEST FOR STAY AND VACATE ORDER**

contingency fee. See In re Scotchel, No. 1:12BK9 (Bankr. N.D.W.
Va. Oct. 16, 2012) (order sustaining objection), Dkt. No. 1-20. In
the same order, it also scheduled an evidentiary hearing to
determine the value, if any, of the portion of the contingency fee
subject to exemption.

The bankruptcy court used the hearing on December 20, 2012 to
narrow the scope of the issues under review. It focused on 11
U.S.C. § 541, which allocates "all legal or equitable interests of
the debtor in property as of the commencement of the case" to the
bankruptcy estate, and explained that "a lawyer typically has a
legally enforceable interest in a potential contingency fee," and
that "the estate has a property interest in a contingency award."
Hrg. Tr. at 17:2-3, 10-11. Relying on several out-of-circuit
cases, see, e.g., In re Carlson, 263 F.3d 748 (7th Cir. 2001), it
concluded that a lawyer's contingency fee falls within the scope of
§ 541 and is includable in the bankruptcy estate. See Hrg. Tr. at
16-25.

The bankruptcy court then turned its attention to what
portion, if any, of the contingency fee Scotchel had earned post-
petition. To determine this, Sheehan called Christopher J. Regan,

5

SCOTCHEL V. SHEEHAN                                    1:13CV161

**MEMORANDUM OPINION AND ORDER AFFIRMING THE ORDER OF THE
BANKRUPTCY COURT, DENYING AS MOOT APPELLANT'S MOTION FOR
STAY PENDING APPEAL, AND DENYING AS MOOT APPELLEE'S
MOTION TO DENY REQUEST FOR STAY AND VACATE ORDER**

the B&B attorney who had been personally involved in the Falls Case, to testify about the extent of Scotchel's involvement.

Sheehan first inquired about activity in the Falls case between the date Scotchel had filed his bankruptcy petition and the date the Falls Case settled.  See id. at ¶ 28:12-13.  Regan recalled a settlement conference, a motions hearing, and settlement negotiations between the parties, but testified that Scotchel had not been involved in any of those proceedings, or in the trial preparations.  See id. at ¶¶ 28:19-29:11, 29:23-30:1.  Regan also testified that he had given Scotchel no legal assignments after January 5, 2012.  See id. at ¶ 30:18. On cross-examination, Regan reiterated his previous responses and explained to counsel for Scotchel: "I know of nothing -- I have no personal knowledge of anything Mr. Scotchel did to advance the case this year."  See id. at ¶ 40:19-20.

Scotchel then called J. Michael Benninger ("Benninger") as a witness.  Benninger, a successful trial attorney, testified as a legal expert regarding the ethical duties of attorneys in performing contingency fee contracts.  See id. at 95-109. At the conclusion of the hearing, the bankruptcy court left the record

SCOTCHEL V. SHEEHAN                                    1:13CV161

**MEMORANDUM OPINION AND ORDER AFFIRMING THE ORDER OF THE
BANKRUPTCY COURT, DENYING AS MOOT APPELLANT'S MOTION FOR
STAY PENDING APPEAL, AND DENYING AS MOOT APPELLEE'S
MOTION TO DENY REQUEST FOR STAY AND VACATE ORDER**

open so that Scotchel could submit additional evidence of any settlement negotiations occurring before the date of his bankruptcy petition, as well as the terms of the fee sharing agreement.  See id. at ¶¶ 117:19-118:12.

On January 15, 2013, it held a status conference, during which Scotchel advised that the only additional evidence he intended to submit was an affidavit of James G. Bordas ("Bordas"), a senior partner at B&B, that stated Scotchel's duties in the Falls Case included "assisting the attorneys and other employees at Bordas & Bordas with critical historical facts regarding [Falls]," "review of many depositions, exhibits, and other documents," "preparation to testify and be fully prepared to be called as a witness," "ma[king] arrangements to stay at a hotel in Wheeling," and "continuing attorney-client duties."  Bordas Aff. at ¶¶ 9-11.

In an opinion and order entered on April 26, 2013, the bankruptcy court acknowledged that, under a theory of quantum meruit, Scotchel would have been entitled to fees earned had he been removed from the Falls Case.  See In re Scotchel, No. 1:12BK9, slip op. 5-6, Dkt. No. 1-27.  Similarly, it reasoned, Scotchel had a legal interest in the contingency fee that had become the

7

SCOTCHEL V. SHEEHAN                                    1:13CV161

### MEMORANDUM OPINION AND ORDER AFFIRMING THE ORDER OF THE BANKRUPTCY COURT, DENYING AS MOOT APPELLANT'S MOTION FOR STAY PENDING APPEAL, AND DENYING AS MOOT APPELLEE'S MOTION TO DENY REQUEST FOR STAY AND VACATE ORDER

property of the bankruptcy estate upon the filing of his petition. The court then placed the burden of proving the value of the portion of the contingency fee subject to bankruptcy administration on Sheehan, requiring that he prove by a preponderance of the evidence any contention that the entirety of the contingency fee was rooted in the bankruptcy past. See id. at 4, 6. If Sheehan could do that, the bankruptcy court ruled that he would not bear the substantially more stringent burden of proof associated with quantim meruit recovery. Relying on Regan's testimony, the bankruptcy court then determined that Sheehan had met his burden of proving that the contingency fee was based entirely on legal services provided by Scotchel before he filled his bankruptcy petition, and that the entirety of Scotchel's portion of the contingency fee therefore belonged to the bankruptcy estate. See id.

Scotchel appealed the order of the bankruptcy court on June 25, 2013 (dkt. no. 2). He also filed a motion to stay distribution of the contingency fee funds pending appeal on July 26, 2013 (dkt. no. 12). Based on a similar motion filed in the underlying bankruptcy case, the bankruptcy court stayed

SCOTCHEL V. SHEEHAN                                    1:13CV161

**MEMORANDUM OPINION AND ORDER AFFIRMING THE ORDER OF THE
BANKRUPTCY COURT, DENYING AS MOOT APPELLANT'S MOTION FOR
STAY PENDING APPEAL, AND DENYING AS MOOT APPELLEE'S
MOTION TO DENY REQUEST FOR STAY AND VACATE ORDER**

distribution of Scotchel's portion of the contingency fee to
creditors pending appeal on August 2, 2013. <u>See</u> <u>In re Scotchel</u>,
No. 1:12BK9 (order staying distribution), Dkt. No. 16-2. Under the
terms of the bankruptcy court's order, that stay was to dissolve
upon this Court's decision on Scotchel's appeal. <u>See</u> <u>id.</u> On
August 6, Sheehan then filed a motion in this Court seeking denial
of Scotchel's motion for a stay and to vacate the stay imposed by
the bankruptcy court (dkt. no. 16).

**II.**

Pursuant to Fed. R. Bankr. P. 8013, this Court functions as an
appellate court whenever it reviews a bankruptcy court's order; it
may affirm, modify, reverse, or remand with instructions for
further proceedings. While the bankruptcy court's conclusions of
law are reviewed <u>de novo</u>, its findings of fact are reversed only
for clear error. <u>In re Deutchman</u>, 192 F.3d 457, 459 (4th Cir.
1999).

Scotchel assigns the following errors to the bankruptcy
court's factual findings and legal conclusions:

1.   The bankruptcy court erred in concluding that the
     contingency fee falls within the purview of § 541;

SCOTCHEL V. SHEEHAN                                        1:13CV161

**MEMORANDUM OPINION AND ORDER AFFIRMING THE ORDER OF THE BANKRUPTCY COURT, DENYING AS MOOT APPELLANT'S MOTION FOR STAY PENDING APPEAL, AND DENYING AS MOOT APPELLEE'S MOTION TO DENY REQUEST FOR STAY AND VACATE ORDER**

2.   The bankruptcy court erred in finding that the entire $690,000 contingency fee had been earned pre-petition, because the facts show otherwise and Sheehan failed to carry his burden of proof; and

3.   The bankruptcy court erred by considering Sheehan's equitable arguments and granting declaratory relief.

### III.

### A.

Section 541(a) of the United States Bankruptcy Code provides for the commencement of an estate upon the filing of a bankruptcy petition.  The estate includes "all legal or equitable interests of the debtor in property as of the commencement of the estate." § 541(a)(1).  In accord with congressional intent, the Fourth Circuit construes this language in the broadest of terms.  See In re Meyers, 483 B.R. 89, 96 (Bankr. W.D.N.C. 2012) (citing Tignor v. Parkinson, 729 F.2d 977, 980 (4th Cir. 1984)).  Moreover, other circuit courts have observed that "[a] debtor's contingent interest in future income has consistently been found to be property of the bankruptcy estate."  In re Yonikus, 996 F.2d 866, 869 (7th Cir.

SCOTCHEL V. SHEEHAN                                        1:13CV161

**MEMORANDUM OPINION AND ORDER AFFIRMING THE ORDER OF THE
BANKRUPTCY COURT, DENYING AS MOOT APPELLANT'S MOTION FOR
STAY PENDING APPEAL, AND DENYING AS MOOT APPELLEE'S
MOTION TO DENY REQUEST FOR STAY AND VACATE ORDER**

1993) (citing, e.g., In re Neuton, 922 F.2d 1379, 1382-83 (9th Cir.
1990)).

Determining a debtor's interest in property requires an
examination of state law. See Butner v. United States, 440 U.S.
48, 55 (1979). The threshold question is whether, under West
Virginia law, Scotchel maintained any interest in the contingency
fee the moment before he filed his bankruptcy petition. The
bankruptcy court correctly concluded that he did.

Under Kopelman & Assocs., L.C. v. Collins, 473 S.E.2d 910,
916-17 (W. Va. 1996), a lawyer discharged from a contingency fee
contract can recover in contract or in quantum meruit.[1] While the
filing of a bankruptcy petition and the termination of a lawyer are
not the same thing, the bankruptcy court recognized that those
circumstances provided a valid comparison of the interests in the
underlying contracts. See, e.g., In re Carlson, 263 F.3d 748, 750
(7th Cir. 2001) ("That a lawyer has a legally enforceable interest
in a potential contingency fee is shown by the fact that if the

---

[1] Scotchel argues at length that the contingency fee was not
property of the estate under a contract theory. See Appellant's Br. at
11-16, Dkt. No. 7. However, the bankruptcy court's opinion never
analyzed Scotchel's interest under a contract theory. Thus, any
assignment of error in this regard is misguided.

11

SCOTCHEL V. SHEEHAN                                    1:13CV161

**MEMORANDUM OPINION AND ORDER AFFIRMING THE ORDER OF THE BANKRUPTCY COURT, DENYING AS MOOT APPELLANT'S MOTION FOR STAY PENDING APPEAL, AND DENYING AS MOOT APPELLEE'S MOTION TO DENY REQUEST FOR STAY AND VACATE ORDER**

client terminates his employment before judgment or settlement . . . he is entitled to the fair value of the services that he performed up to the termination."). Relying on this comparison, it concluded that, because Scotchel held a property interest in the contingency fee contract under quantum meruit, he also held an interest in it for purposes of § 541. See In re Scotchel, No. 1:12BK9, slip op. at 5.

Scotchel attacks this conclusion on the basis that the Bankruptcy Code prohibits trustees from assuming executory contracts more than sixty days after the entry of the order for relief. See § 365(d)(1). He argues here, as he did before the bankruptcy court, that, because Sheehan did not comply with § 365, it was error to grant the contingency fee contract to the estate. In the same breath, however, he also argues that Sheehan never assumed the contingency fee contract.

The bankruptcy court recognized the inherent inconsistency of these arguments and determined that compliance with § 365 was not required. While it agreed that "the Falls Case contingent fee contract is an executory contract," see In re Scotchel, No. 1:12BK9, slip op. at 8, it distinguished the assumption of

12

SCOTCHEL V. SHEEHAN                                            1:13CV161

**MEMORANDUM OPINION AND ORDER AFFIRMING THE ORDER OF THE
BANKRUPTCY COURT, DENYING AS MOOT APPELLANT'S MOTION FOR
STAY PENDING APPEAL, AND DENYING AS MOOT APPELLEE'S
MOTION TO DENY REQUEST FOR STAY AND VACATE ORDER**

executory contracts under § 365 from the pre-petition fees to which
the estate was entitled under § 541.  See id.

Although the Fourth Circuit has not yet addressed this issue,
the bankruptcy court's distinction between the assumption of
executory contracts and pre-petition fees is entirely sensible and
consistent with decisions reached by other courts. See, e.g., Watts
v. Williams, 154 B.R. 56, 58 (S.D. Tex. 1993).  Had the bankruptcy
estate assumed the contingency fee contract, it would have been
entitled to all derivative fees, regardless of whether they had
been earned pre-petition or post-petition.  As Sheehan conceded,
however, the bankruptcy estate had no claim to post-petition fees.
See Appellee's Br. at 4, Dkt. No. 10.  Thus, the bankruptcy court
correctly concluded that Scotchel's contingency fee belonged to the
bankruptcy estate under § 541.

**B.**

Although § 541(a)(1) broadly encompasses all of the debtor's
legal or equitable interests at the time of filing, subsection
(a)(6) excludes "earnings from services performed by an individual
debtor after the commencement of the case."  This language draws a
"bright line" between pre and post-bankruptcy filing events and

13

SCOTCHEL V. SHEEHAN                                        1:13CV161

**MEMORANDUM OPINION AND ORDER AFFIRMING THE ORDER OF THE
BANKRUPTCY COURT, DENYING AS MOOT APPELLANT'S MOTION FOR
STAY PENDING APPEAL, AND DENYING AS MOOT APPELLEE'S
MOTION TO DENY REQUEST FOR STAY AND VACATE ORDER**

"allows the debtor to exclude from his estate any compensation or salary he might earn after the date of the petition." In re Andrews, 80 F.3d 906, 910 (4th Cir. 1996).

Applying that bright line to the contingency fee contract in dispute here, the parties and the bankruptcy court agreed that only the portion of the $690,000 Scotchel earned pre-petition belonged to the bankruptcy estate. As to determining who bore what burden of proof on this issue, the bankruptcy court laid the burden squarely on Sheehan, a decision Scotchel supported, although he disagreed with the court's definition of Sheehan's burden.

In defining that burden, the bankruptcy court adopted a two-step test. First, it determined that, as trustee, Sheehan had to prove by a preponderance of the evidence that Scotchel had performed no post-petition services. See In re Charles, 334 B.R. 207, 216 (Bankr. S.D. Tex. 2005) ("Absent a statute or rule to the contrary, the burden of proof in a bankruptcy case is by a preponderance of the evidence."). Failing that, Sheehan bore the burden of proving the value of the pre-petition services in order to determine the portion of the contingency fee to which the bankruptcy estate was entitled.

14

SCOTCHEL V. SHEEHAN                                    1:13CV161

**MEMORANDUM OPINION AND ORDER AFFIRMING THE ORDER OF THE
BANKRUPTCY COURT, DENYING AS MOOT APPELLANT'S MOTION FOR
STAY PENDING APPEAL, AND DENYING AS MOOT APPELLEE'S
MOTION TO DENY REQUEST FOR STAY AND VACATE ORDER**

Scotchel contends that, after finding that Sheehan had satisfied his burden under the first step, the bankruptcy court erroneously relieved him of his burden under the second step. Stated another way, Scotchel refuses to acknowledge the conclusiveness of the first step, arguing that the bankruptcy court should have required Sheehan to prove the value of any pre-petition services.

The Bankruptcy Appellate Panel ("BAP") of the Ninth Circuit has squarely addressed this issue and rejected the same argument. In In re Wu, 173 B.R. 411, 414-15 (B.A.P. 9th Cir. 1994) (internal citations omitted), the BAP determined that

> [t]he proper analysis . . . is to first determine whether any postpetition services are necessary to obtaining the payments at issue. If not, the payments are entirely 'rooted in the pre-bankruptcy past,' and the payments will be included in the estate. If some postpetition services are necessary, then courts must determine the extent to which the payments are attributable to the postpetition services and the extent to which the payments are attributable to prepetition services. That portion of the payments allocable to postpetition services will not be property of the estate. That portion of the payments allocable to prepetition services or property will be property of the estate.

Scotchel has offered no compelling reason why this Court should not adopt In re Wu's well-reasoned analysis under which,

15

SCOTCHEL V. SHEEHAN                                        1:13CV161

**MEMORANDUM OPINION AND ORDER AFFIRMING THE ORDER OF THE
BANKRUPTCY COURT, DENYING AS MOOT APPELLANT'S MOTION FOR
STAY PENDING APPEAL, AND DENYING AS MOOT APPELLEE'S
MOTION TO DENY REQUEST FOR STAY AND VACATE ORDER**

once Sheehan established by a preponderance of the evidence that
Scotchel had performed no post-petition services, it would be
redundant to require him to provide evidence of all pre-petition
services. Adopting that approach, the Court turns to whether the
bankruptcy court's factual finding that all of the contingency fee
payment was attributable to Scotchel's pre-petition services is
clearly erroneous.


                                  **C.**

    Based on Regan's testimony that Scotchel performed no legal
services in the Falls Case after January 5, 2012, the bankruptcy
court found that Sheehan had satisfied his burden of proof, and
that the burden therefore had shifted to Scotchel to rebut Regan's
testimony.  Scotchel argues that Benninger's testimony and Bordas'
affidavit, both of which addressed Scotchel's continuing
contractual and ethical duties, established that he had earned a
portion of his contingency fee during the post-petition period.
The bankruptcy court rejected this argument, explaining that,
despite Scotchel's continuing "duties," neither Benninger nor

                                  16

SCOTCHEL V. SHEEHAN                                          1:13CV161

**MEMORANDUM OPINION AND ORDER AFFIRMING THE ORDER OF THE
BANKRUPTCY COURT, DENYING AS MOOT APPELLANT'S MOTION FOR
STAY PENDING APPEAL, AND DENYING AS MOOT APPELLEE'S
MOTION TO DENY REQUEST FOR STAY AND VACATE ORDER**

Bordas had identified any specific legal services performed by Scotchel as part of those duties.[2]

Scotchel's ethical duties as a lawyer are common to the legal profession and exist apart from any contract. See W. Va. R. Prof'l Conduct 1.1 ("A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation."). Moreover, as broadly laid out by Bordas, his unique contractual duties, although continuing, were not continuous. In other words, Scotchel fulfilled these duties by performing discrete services at particular times. Bordas' affidavit, however, offers no information about what these discrete services may have been or when they were performed. Because of this, the bankruptcy court's determination that Scotchel failed to meet his burden of proving he had earned any of the contingency fee post-petition is not clearly erroneous.

**D.**

---

[2] Bordas' affidavit noted that Scotchel had "made arrangements to stay at a hotel in Wheeling," a responsibility the bankruptcy court found to be <u>de minimis</u>.

SCOTCHEL V. SHEEHAN                                    1:13CV161

**MEMORANDUM OPINION AND ORDER AFFIRMING THE ORDER OF THE BANKRUPTCY COURT, DENYING AS MOOT APPELLANT'S MOTION FOR STAY PENDING APPEAL, AND DENYING AS MOOT APPELLEE'S MOTION TO DENY REQUEST FOR STAY AND VACATE ORDER**

Finally, Scotchel alleges that the bankruptcy court erred by permitting Sheehan to advance an equitable claim for declaratory relief without first filing an adversary proceeding. He rests this argument on a statement in the bankruptcy court's opinion that "[t]he Trustee seeks a declaration that Mr. Scotchel's $690,000 contingency fee award is property of his bankruptcy estate," and "[t]he Trustee also invokes the court to consider equity." In re Scotchel, slip op. at 1, 3.

Rule 7001 of the Federal Rules of Bankruptcy Procedure requires that certain claims, including claims for equitable and declaratory relief, be brought through an adversary proceeding governed by the formal procedural requirements associated with lawsuits. See Fed. R. Bankr. P. 7001(7), (9), and Advisory Committee Notes. According to Scotchel, pursuant to Rule 7001, Sheehan's failure to file an adversary proceeding is a procedural defect that violated Scotchel's due process rights.

Rather than file an adversary proceeding, Sheehan filed an objection pursuant to Fed. R. Bankr. P. 4003 to Scotchel's claimed exemption of the full market value of the contingency fee. Notwithstanding the bankruptcy court's description of the relief

18

SCOTCHEL V. SHEEHAN                                          1:13CV161

**MEMORANDUM OPINION AND ORDER AFFIRMING THE ORDER OF THE
BANKRUPTCY COURT, DENYING AS MOOT APPELLANT'S MOTION FOR
STAY PENDING APPEAL, AND DENYING AS MOOT APPELLEE'S
MOTION TO DENY REQUEST FOR STAY AND VACATE ORDER**

being sought by Sheehan as a "declaration," Sheehan actually never sought declaratory relief, but rather objected to Scotchel's claimed exemptions and requested that the bankruptcy court deny them.  See Trustee's Obj. at 3, Dkt. No. 1-14.  The bankruptcy court, then, sua sponte, converted Sheehan's objection into a turnover action under 11 U.S.C. § 542.  See In re Scotchel, slip op. at 4.  Courts have held that such action is not error when, as here, the debtor was given the opportunity to present evidence at a hearing and the burden of proof fell on the trustee.  See, e.g., Yaquinto v. Greer, 81 B.R. 870, 877 (N.D. Tex. 1988).

Thus, Sheehan never actually made an equitable claim in Scotchel's case.  Although he urged the bankruptcy court to consider equity in deciding the matter, see Trustee's Br. at 3, Dkt. No. 1-25, beyond duly noting this argument, the bankruptcy court never relied on it in reaching its decision regarding Scotchel's contingency fee.  Scotchel's assertion of error as to this matter therefore is unavailing.

### IV.

Having reviewed the bankruptcy court's conclusions of law de novo, and its finding of facts for clear error, the Court **AFFIRMS**

19

**SCOTCHEL V. SHEEHAN**                                                    **1:13CV161**

**MEMORANDUM OPINION AND ORDER AFFIRMING THE ORDER OF THE
BANKRUPTCY COURT, DENYING AS MOOT APPELLANT'S MOTION FOR
STAY PENDING APPEAL, AND DENYING AS MOOT APPELLEE'S
MOTION TO DENY REQUEST FOR STAY AND VACATE ORDER**

the order of the bankruptcy court, **DENIES AS MOOT** the appellant's

motion to stay pending appeal, **DISSOLVES** the current stay, and

**DENIES AS MOOT** the appellee's motion to deny the appellant's

request for a stay and to vacate the current stay order.

It is so **ORDERED**.

The Court directs the Clerk to transmit copies of this Order

to counsel of record and all appropriate agencies.

DATED: March 3, 2014.

                                        /s/ Irene M. Keeley
                                        IRENE M. KEELEY
                                        UNITED STATES DISTRICT JUDGE